J-A23038-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JO JO PIZZA AND EASTERN ALLIANCE INSURANCE COMPANY | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| LARRY PITT & ASSOCIATES, P.C. | : : | |
| Appellant | : : | No. 127 MDA 2021 |

Appeal from the Order Entered January 15, 2021
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2020-CV-11402-MD

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY STEVENS, P.J.E.:        **FILED SEPTEMBER 15, 2021**

Appellant Larry Pitt & Associates, P.C. appeals from the Order entered in the Court of Common Pleas of Dauphin County on January 15, 2021, finding it in contempt for failing to comply with a subpoena issued by a Worker's Compensation Judge (WCJ) in a case which arose as part of a worker's compensation proceeding. For the following reasons, we transfer this matter to the Commonwealth Court.

Briefly, the WCJ had directed Appellant to provide certain materials to Appellees Jo Jo Pizza and Eastern Alliance Insurance Co. in connection with litigation in a worker's compensation matter. Appellees filed a petition in the trial court on November 20, 2020, seeking an adjudication of civil contempt for Appellant's failure to respond to a subpoena. Following a hearing, the trial

_____

[*] Former Justice specially assigned to the Superior Court.

court directed Appellant to comply with the WCJ's subpoena and also assessed upon him the costs and fees incurred by Appellees due to its failure to comply with the subpoena. Appellant thereafter filed the instant, timely appeal.

In its appellate brief, Appellant presents the following three issues for this Court's review:

> A. Whether the [c]ourt failed to consider that the Workers' Compensation Judge lacked subject matter jurisdiction and thereby lacked the authority to issue a subpoena. The cases cited by Appellees asserting authority to their actions were inapplicable in this instance where the work injury claim had been resolved two years earlier?
>
> B. Whether the [c]ourt failed to consider that it is an error of law for the Workers' Compensation Judge to seek a contempt order against an attorney and law firm where the Judge is an officer of the Executive Branch and has no direct jurisdiction over a member of the Judiciary Branch based on the separation of powers provisions of the Pennsylvania Constitution?
>
> C. Whether the [c]ourt erred as am atter of law when assessing legal fees and costs against appellant where the fees and costs were not entered into the record, were not provided prior to the hearing detailing the costs and fees, and where no separate hearing was held to permit [A]ppellant to challenge the reasonableness and necessity of those fees and costs?

Brief for Appellant at 4.

Appellant posits that this Court has jurisdiction of the instant matter pursuant to 42 Pa.C.S. § 742 which reads as follows:

**§ 742. Appeals from courts of common pleas**

The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, regardless of the nature of the controversy or the

amount involved, except such classes of appeals as are by any provision of this chapter within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court.

However, this appeal is from a contempt order which arises as a result of a worker's compensation action. We note that appeals from decisions in worker's compensation actions fall under the jurisdiction of the Commonwealth Court. *See Kurtz v. W.C.A.B. (Waynesburg Coll.)*, 794 A.2d 443, 447 (Pa.Commw. Ct. 2002) (citation omitted) (stating Commonwealth Court's standard of review in a worker's compensation case is limited to determining whether necessary findings of fact were supported by substantial evidence, whether constitutional rights were violated, or whether an error of law was committed).

In fact, both parties cite to and rely upon decisions of the Commonwealth Court in support of their arguments in their respective briefs, as does the trial court in its Rule 1925(a) Opinion. Moreover, the trial court agrees with Appellant's position "that resolution of subrogation rights is within the sole jurisdiction of the WCJ." *See* Trial Court Opinion, filed April 5, 2021, at 6. Also, Appellees observe that "[a]s represented in the Petition, the matter was and remains in litigation in the Pennsylvania Workers' Compensation System." Thus, we find that the Commonwealth Court has jurisdiction over this appeal. *See Kurtz, supra*.

Accordingly, we transfer this appeal to the Commonwealth Court. *See* Pa.R.A.P. 751(a) (stating: "If an appeal or other matter is taken to or brought

in a court or magisterial district which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper court of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in transferee court on the date first filed in a court or magisterial district").[1]

Appeal transferred. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2021

---

[1] In light of the foregoing, the Prothonotary's Office is directed to remove this case from the Argue 23-2021 list.